*785 ON MOTION
MICHEL, Circuit Judge.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Connell Spain, Sr.’s appeal for lack of jurisdiction or, in the alternative, to summarily affirm the decision of the Court of Appeals for Veterans Claims. Spain has not responded.
The Court of Appeals for Veterans Claims denied Spain’s “Class Action Petition For Equitable Relief Seeking Redress For Violation Of Civil Rights.” The Veterans Court treated Spain’s submission as a mandamus petition seeking relief for the Secretary’s delay in processing claims filed by Spain, including the failure to provide a “Statement of Case” to Spain in a timely fashion. In addition, Spain sought “equitable class relief,” as well as compensatory and punitive damages. The Veterans Court concluded that Spain failed to demonstrate unreasonable delay in the handling of his claims. In addition, the Veterans Court noted that it did not have the legal authority to establish the class action procedure or to award the monetary damages sought by Spain. Spain appealed to this court.
In his informal brief, Spain states, inter alia, that the “[l]ower court wrongly converts ‘Equitable Civil Rights Petition’ into character of ‘Mandamus Relief,’ ” and that “Appellant wanted lower court to apply ‘CIVIL RIGHTS’ remedial statute Regional Office violating due process during appellate proc[edure].” Spain also states that the “[ljower court contends it does not possess ‘Equity Jurisdiction’ to entertain Fifth Amendment due process violations with respect redressing violations of Civil Rights pursuant 42 United States Code 1983 where Regional Office violates due process during appellate procedure.” Based on these statements, it appears that Spain contends that the Veterans Court erred in treating his petition as a mandamus petition, and that the Veterans Court should have treated his petition as one seeking relief pursuant to 42 U.S.C. § 1983. In addition, Spain appears to argue that the Veterans Court improperly concluded that it lacks the power to establish class action procedures and to grant “equitable relief’ in the form of monetary damages.
To the extent Spain is challenging the Veterans Court’s interpretation of its jurisdictional statute, the court has jurisdiction over Spain’s appeal. See 28 U.S.C. § 7292(a) (providing that a party may seek review of a decision of the Court of Appeals for Veterans Claims with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision). To the extent Spain asserts that the VA failed to process his claims in a timely fashion, his assertion involves only factual disputes or the application of law to facts, which is not within this court’s limited jurisdiction.
This court has held that “[i]t is a ‘well-established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress.’ ” Aldinger v. Howard, 427 U.S. 1, 15, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). Livingston v. Derwinski, 959 F.2d 224, 225 (Fed.Cir.1992). Thus, the jurisdiction of the federal courts is “limited to those subjects encompassed within a statutory grant of jurisdiction.” Id. (internal quotations omitted).
In denying Spain’s request for monetary damages, the Veterans Court determined that its statutory grant of jurisdiction did not include the authority to award monetary damages of the type sought by Spain or to set up class action procedures. See *786 Mason v. Brown, 8 Vet.App. 44, 59 (1995) (concluding that court does not have authority to award punitive relief); Harrison v. Derwinski, 1 Vet.App. 488, 488 (1991) (concluding that court lacks authority to establish class action procedures because jurisdictional statute limits jurisdiction of court to the review of final BVA decisions).
Summary affirmance is appropriate where the position of a party “is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists.” Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir. 1994). We agree that the Veterans Court did not have the authority to award monetary damages or establish class action procedures, or to grant relief under civil rights laws. Thus, because no substantial question exists regarding the outcome of the appeal, the court summarily affirms the judgment of the Court of Appeals for Veterans Claims.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The Secretary’s motion to dismiss is denied.
(3) The Secretary’s motion for summary affirmance is granted.
(4) Each side shall bear its own costs.