Edward G. **ROBINSON**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 14702.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 6, 1959.

Decided Nov. 25, 1959.

Mr. Eugene A. Chase, Washington, D. C. (appointed by the District Court), with whom Miss A. Lillian C. Kennedy, Washington, D. C., was on the brief, for appellant.

Mr. Frank Q. Nebeker, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, BASTIAN and BURGER, Circuit Judges.

PER CURIAM.

On June 25, 1958, Edward G. Robinson was found guilty of robbery. He did not take an appeal within the time permitted by Rule 37(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., but attempted to do so about 40 days thereafter. The Government moved to docket and dismiss, relying on Rules 37(a) (2) and 45(b). On the authority of Robinson v. United States, 1958, 104 U.S.App.D.C. 200, 260 F.2d 718, certiorari granted 1959, 358 U.S. 940, 79 S.Ct. 347, 3 L.Ed. 2d 348, in which this court held by a divided vote that the time for taking an appeal in a criminal case may be extended if the failure to take it seasonably was due to excusable neglect, the motion was denied and the case was remanded to the District Court to determine whether Robinson's failure to file a timely notice of appeal was due to excusable neglect. The District Court decided the delay was excusable, so this appeal was allowed. Briefs have been filed, oral argument has been heard on the merits, and the case has been submitted.

Shortly before submission, the Government moved that we withhold our opinion in this case pending the Supreme Court's determination of the Robinson case, which is scheduled for oral argument in November, 1959. It is of course obvious that a reversal of that case before our decision here would require us to dismiss this appeal for lack of jurisdiction. This court's Robinson ruling is the law of this jurisdiction, however, unless and until the Supreme Court reverses it. It holds that we have jurisdiction of a tardy

criminal appeal if excusable neglect is found. Such neglect having been determined to exist in this case, we must entertain the present appeal.

Since our consideration of the merits convinces us there was no prejudicial error, the resulting affirmance will have the same practical effect as a dismissal for want of jurisdiction. We deny the Government's motion to withhold a decision here, and uphold the conviction.

Affirmed.