**Henry F. HARRISON,**
**Appellant/Petitioner,**

v.

**Edward J. DERWINSKI, Secretary**
**of Veterans Affairs, Appel-**
**lee/Respondent.**

**No. 90–545.**

United States Court of Veterans Appeals.

Aug. 30, 1991.

See also, 1 Vet.App. 439.

Before NEBEKER, Chief Judge, and KRAMER, FARLEY, MANKIN, HOLDAWAY, IVERS and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

The Court has considered the following pleadings: (1) appellant's January 29, 1991, petition to the Court en banc to establish a class action procedure; (2) the February 8, 1991, motion of the Secretary of Veterans Affairs to consolidate this appeal with the appeal in *Lefkowitz v. Derwinski,* U.S.Vet. App. No. 90–634 (filed July 13, 1990), for purposes pertaining to said petition; (3) the April 10, 1991, response of the Secretary to the petition; and (4) appellant's June 10, 1991, reply to the Secretary's response to the petition.

Based on the foregoing, and it appearing to the Court that (1) it lacks the power to adopt a rule of the kind proposed for class actions, *see* 38 U.S.C. § 7252 (formerly § 4052) (limits the jurisdiction of this Court to the review of Board of Veterans' Appeals (BVA) decisions); 38 U.S.C. § 7261(c) (formerly § 4061(c)) (no trial *de novo*); 38 U.S.C. § 7266 (formerly § 4066) (each person adversely affected by such a BVA decision must file a notice of appeal), and, in any event, that (2) such a procedure in this appellate court would be highly unmanageable, and that (3) such a procedure is unnecessary in light of the binding effect of this Court's published opinions as precedent in pending and future cases, *see* 38 U.S.C. § 7269(a)–(b) (formerly § 4069(a)–(b)) (decisions of Court have precedential effect); *see Webster v. Reproductive Health Serv.,* 492 U.S. 490, 109 S.Ct. 3040, 3056, 106 L.Ed.2d 410 (1989) (*stare decisis* is a cornerstone of our legal system); *California Dep't of Health Serv. v. U.S. Dep't of Health & Human Serv.,* 853 F.2d 634, 638 (9th Cir.1988) (court of appeals must ordinarily follow its previous decisions absent subsequent change in substantive law); *Robinson v. United States,* 272 F.2d 554 (D.C.Cir.1959) (ruling of appellate court is binding law unless and until superior

tribunal makes determination that strips ruling of validity); *M.A.P. v. Ryan*, 285 A.2d 310 (D.C.1971) (same), it is

ORDERED that appellant's petition to the Court *en banc* to establish a class action procedure is denied. It is further

ORDERED that the Secretary's motion to consolidate this appeal with the appeal in *Lefkowitz* is denied as moot. It is further

ORDERED that, not later than 30 days after the date of this order, appellant file a brief.

KRAMER, Associate Judge, concurring in the result:

I believe that it is desirable to comment on the denial of the petition to establish a class action procedure.

First, under the Veterans' Judicial Review Act, 38 U.S.C. §§ 7251–7298 (formerly §§ 4051–4098), (VJRA), the Court has the power to provide for a rule that permits class actions where the members belong to those narrow classes of petitioners who meet the jurisdictional requirements of the VJRA. Such a rule is unnecessary in light of U.S. Vet.App.R. 3(d). The Court does not have the power, however, under the VJRA, to establish a rule that permits class actions where the petitioners belong to one or more of the following groups: (1) those who are entitled to file claims with the Department of Veterans Affairs (VA), but have not yet done so; (2) those with claims presently pending before the VA (and thus without decisions of the Board of Veterans' Appeals (BVA)); and, (3) those who have, with respect to their claims, final VA decisions (from the BVA or otherwise) over which the Court does not have jurisdiction under the VJRA.

Second, the establishment of a class action rule is unwise on the policy grounds set forth in the majority's order.

Third, under the All Writs Act, 28 U.S.C. § 1651(a) (1988), the Court may have the power to entertain class actions in appropriate situations.

STEINBERG, Associate Judge, concurring in the result:

I concur in the denial of the petition for the Court to establish a class action procedure at this time in the context of these cases. The efforts of the parties on the pleadings have been of substantial value to the Court.