NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DAVID ADEYEMI ADEYI,**

*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2015-7033

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-3237, Judge Margaret C. Bartley.

---

Decided: April 13, 2015

---

DAVID ADEYEMI ADEYI, Washington, DC, pro se.

COURTNEY D. ENLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.; MEGHAN D. ALPHONSO, DAVID J. BARRANS, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

The Court of Appeals for Veterans Claims denied David Adeyi's petition for extraordinary relief in the form of a writ of mandamus. Mr. Adeyi appeals. We affirm.

BACKGROUND

Mr. Adeyi is an Army veteran of the Gulf War Era. On September 25, 2014, he filed a "petition for extraordinary relief in the nature of a writ of mandamus" with the Veterans Court. R.A. 2. He alleged that the Houston regional office (RO) of the Department of Veterans Affairs (VA) was "violating various federal laws and the constitutional rights of veterans . . . by working with a nonprofit organization named The Mission Continues" in a research program involving Post-Traumatic Stress Disorder (PTSD). *Id.* As he characterizes his allegations now, Mr. Adeyi asserted that, through the program, veterans had been subjected to surveillance, harassment, planned vehicle accidents, and hypnosis and their medical records had been destroyed or stolen. R.A. 3; Pet'r's Br., Continuation p. 4. He sought relief on behalf of himself and all Houston veterans who have been "victimized under [the] PTSD research program conducted with [the] organization." R.A. 3 (quoting Petition for Extraordinary Relief at 1, *Adeyi v. McDonald*, No. 14-3237 (Vet. App. Nov. 24, 2014)). He also claimed that the program was causing delay in the adjudication of his particular claims for disability compensation. R.A. 2.

The Veterans Court denied Mr. Adeyi's petition. First, the court determined that it lacked "jurisdiction to hear claims brought by a single petitioner on behalf of a group of veterans or . . . claimants." R.A. 3. To the extent that Mr. Adeyi alleged violations of his own constitutional

rights in the Houston RO's consideration of his personal claims for disability benefits, the court determined that mandamus was inappropriate because he could pursue those challenges through the normal appellate process. *Id.* The court also denied mandamus with respect to Mr. Adeyi's allegations of delay in the consideration of his disability claims, noting that the Secretary provided evidence that the VA was processing Mr. Adeyi's claims and Mr. Adeyi had not shown delay "equivalent to an arbitrary refusal by the Secretary to act." *Id.* Finally, the court rejected Mr. Adeyi's general allegations of "impropriety by the Houston RO" as "unsupported" and "vague." *Id.*

Mr. Adeyi now appeals, arguing that "use of [the] Writ of Mandamus is warranted," that he had sufficiently developed his claims of impropriety by the Houston RO, Pet'r's Br., Continuation p. 2, and that a "collective remedy" is appropriate, *id.* at 3. He asks this court to "review the constitutionality of [the] . . . pretextual PTSD research program that ha[s] caused medical/physical injuries, homelessness, and joblessness among veterans in Houston." *Id.* at 5.

## DISCUSSION

This court's jurisdiction to review decisions of the Veterans Court is limited. *See* 38 U.S.C. § 7292. We have jurisdiction to decide an appeal insofar as it presents a challenge to a Veterans Court decision regarding a rule of law, including the interpretation or validity of any statute or regulation. *Id.* § 7292(a), (d)(1). We do not have jurisdiction to review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular case, except to the extent that an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

Under this authority, we may "review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question . . . . We may

not review the factual merits of the veteran's claim, but we may determine whether the petitioner has satisfied the legal standard for issuing the writ." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). The legal standard for mandamus is demanding. A person seeking mandamus must "show (1) that he has a clear legal right to relief; (2) that there are no adequate alternative legal channels through which [he] may obtain that relief, and (3) that the grant of mandamus relief is appropriate under the circumstances." *Id.* at 1157 (citing *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380–81 (2004)).

Having reviewed Mr. Adeyi's submissions, including his submission dated April 2, 2015, we conclude that Mr. Adeyi has not shown a legal entitlement to relief under these standards. First, he has not shown a clear legal right to proceed with a claim for class relief. The Veterans Court determined that it lacked jurisdiction over claims "brought by a single petitioner on behalf of a group of veterans." R.A. 3. That determination reflects longstanding Veterans Court precedent. *E.g.*, *Am. Legion v. Nicholson*, 21 Vet. App. 1, 8 (2007) ("Congress has expressly limited our jurisdiction to addressing only appeals and petitions brought by individual claimants."). The Veterans Court's position is, at a minimum, not clearly incorrect. *Cf. Spain v. Principi*, 18 F. App'x 784, 785–86 (Fed. Cir. 2001) ("We agree that the Veterans Court did not have the authority to . . . establish class action procedures . . . .").

As to the alleged violation of Mr. Adeyi's rights with respect to the processing or adjudication of his claims for his own disability benefits, the Veterans Court determined that Mr. Adeyi can seek relief through the normal appellate process. We see no legal error in that conclusion. Mandamus is therefore unavailable for this claim.

We also see no basis for reversing the Veterans Court's denial of mandamus relief based on Mr. Adeyi's

allegation that the PTSD research program was causing delay in the adjudication of his claims for disability-based compensation. R.A. 3. The Veterans Court determined that the Secretary "provided evidence that VA is taking action on each of [Mr. Adeyi's] claims" and that Mr. Adeyi had not shown delay egregious enough to merit extraordinary relief. R.A. 3 (relying on *Costanza v. West*, 12 Vet. App. 133, 134 (1999) (per curiam) (mandamus for delay is unavailable unless the delay "is so extraordinary, given the demands and resources of the Secretary, that the delay amounts to an arbitrary refusal to act")); *see also Ribaudo v. Nicholson*, 20 Vet. App. 552, 555 (2007) (en banc). Mr. Adeyi has not identified any basis on which we could conclude that the Veterans Court committed a legal error in finding insufficient delay in his case to warrant extraordinary relief.

Finally, we see no basis for overturning the Veterans Court's rejection of mandamus relief based on Mr. Adeyi's claims that the Houston RO's work with Mission Continues is violating the constitutional rights of veterans in a manner untethered to any claim of entitlement to benefits. The Veterans Court concluded that Mr. Adeyi's allegations in this regard were "vague" and "unsupported." R.A. 3. We find no error in that characterization, let alone an error sufficient to disturb the denial of relief under a legal standard that requires a showing of a "clear and indisputable" right to relief. *Cheney*, 542 U.S. at 381 (internal quotation marks omitted).

CONCLUSION

For the foregoing reasons, the decision of the Veterans Court is affirmed.

**AFFIRMED**