NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RASHID EL MALIK,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1971

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 18-7435, Judge Coral Wong Pietsch.

---

Decided:  May 13, 2020

---

RASHID EL MALIK, Palos Verde's Estate, CA, pro se.

DANIEL S. HERZFELD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; MARTIE ADELMAN, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before LOURIE, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Rashid El Malik ("El Malik") seeks review of the Court of Appeals for Veterans Claims' ("Veterans Court") denial of mandamus seeking to compel the Board of Veterans Appeals ("Board") to issue a decision on his claim for an increased rating for his back disability. *See Rashid El Malik v. Wilkie*, 2019 WL 1602008, No. 18-7435 (Vet. App. 2019) ("*Veterans Court Decision*"). El Malik also seeks review of the denial of mandamus to resolve a dispute over a contract between the Department of Veterans Affairs ("VA") and a contractor to provide accommodations to his home. Finally, El Malik seeks review of the denial of mandamus to compel the Veterans Court to waive the filing fee and lift the requirement that he file a motion for leave to file future petitions. Because the first issue is now moot, that part of El Malik's appeal is dismissed. Because the Veterans Court did not abuse its discretion with respect to the second issue, that part of the appeal is affirmed. Because the final issue improperly seeks to collaterally attack a prior final decision by the Veterans Court, that part of his appeal is denied.

I

With respect to the first issue, we agree with the government that El Malik's appeal is now moot because he has received the relief he sought. *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017) ("A case is said to lack an actual or concrete dispute where the relief sought by a plaintiff is satisfied or otherwise rendered moot."). The Board already ordered the VA to provide a physical examination, the VA already held the examination in May of 2019, and El Malik's claim for an increased rating has now been denied. If

El Malik wishes to contest that determination, he may directly appeal to the Veterans Court.

We see no merit to El Malik's argument that the delay he seeks to redress will repeat and make it impossible for him to vindicate his rights. The VA has already taken the action he seeks to compel through mandamus. Further delays are wholly speculative. We recognize El Malik's frustration with the substantial delay between his 2007 appeal to the Board seeking a higher rating and the Board's 2017 receipt and docketing of that appeal. His claim is now proceeding, however, and mandamus would provide no further remedy to expedite or secure his rights.

Because his writ is moot, we do not address El Malik's argument about the legal standard applied by the Veterans Court or his potential entitlement to fees under the Equal Access to Justice Act.

For the foregoing reasons, El Malik's appeal of the denial of his petition to order the VA to provide a physical examination is dismissed.

## II

With respect to the second issue, we agree with the government that mandamus is not appropriate to challenge the VA Regional Office's ("RO") November 2018 decision denying El Malik's request for travertine tiles. El Malik's potential options for challenging the RO's decision were to either file an appeal with the Board followed by a direct appeal to the Veterans Court, or to file an appeal with the Civilian Board of Contract Appeals ("CBCA"). *See Lamb v. Principi*, 284 F.3d 1378 (Fed. Cir. 2002) ("The extraordinary writs cannot be used as substitutes for appeals, even though hardship may result from delay and perhaps unnecessary trial" (quoting *Banker's Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953))). El Malik did not appeal to the Board from the RO's decision, and has, in fact, filed an appeal with the CBCA. These "alternative means to

attain the desired relief" preclude the grant of mandamus. *See Veterans Court* Decision, 2019 WL 1602008, at \*1 (identifying conditions for the grant of mandamus (citing *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004))).

We see no merit to El Malik's assertion that pursuing an appeal would have been futile because the Board lacked jurisdiction to adjudicate a breach of contract. As correctly noted by the Veterans Court, El Malik was free to make his jurisdictional argument to the Board on appeal from the RO's decision. Because El Malik has alternative means to challenge the RO's decision with respect to the travertine tile issue, the Veterans Court did not abuse its discretion in denying mandamus. The Veterans Court's denial of mandamus on the contract issue is thus affirmed.

## III

El Malik also improperly seeks to collaterally attack a prior final decision by the Veterans Court, alleging that the Veterans Court violated his due process rights by preemptively denying waiver of the filing fee and requiring him to file a motion for leave to file future petitions. *See El Malik v. McDonald*, 2016 WL 5462684 (Vet. App. 2016) (single-judge order), *aff'd as the decision of the court*, 2016 WL 7029302 (Vet. App. 2016) (per curiam). El Malik did not appeal that decision, and it thereafter became final. *See* 38 U.S.C. § 7291(a) ("A decision of the United States Court of Appeals for Veterans Claims shall become final upon the expiration of the time allowed for filing, under section 7292 of this title, a notice of appeal from such decision, if no such notice is duly filed within such time."). *See also* U.S. Vet. App. R. 38 ("If the Court determines that an appeal, petition, motion, or other filing is frivolous, it may . . . enter such order as it deems appropriate, to include sanctions."); *El Malik*, 2016 WL 5462684, at \*2–3 (explaining the rational for its order). We see no abuse of discretion in the Veterans Court's reliance on the earlier final decision and

no merit to El Malik's argument that his due process rights were violated.  That part of his appeal is therefore denied.

**DISMISSED IN PART, AFFIRMED IN PART, AND DENIED IN PART**

COSTS

No costs.