NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROBERT CASTILLO,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1821

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-5169, Judge Amanda L. Meredith, Judge Grant Jaquith, Judge Scott Laurer.

---

Decided: December 6, 2023

---

ROBERT CASTILLO, San Antonio, TX, pro se.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH M. HOSFORD, PATRICIA M. MCCARTHY.

---

Before DYK, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

Robert Castillo appeals *pro se* a decision of the United States Court of Appeals for Veterans Claims that it lacked jurisdiction over Mr. Castillo's petition for a writ of mandamus. The Veterans Court determined that while the petition was pending, the Department of Veterans Affairs granted the relief sought by Mr. Castillo, thereby rendering Mr. Castillo's petition moot. We affirm.

## BACKGROUND

Mr. Castillo served in the United States Navy from 1990 to 2003. SAppx60.[1] In October 2020, he submitted a supplemental compensation form to the Department of Veterans Affairs ("VA"), in which he argued that a March 8, 2004, rating decision incorrectly applied the schedule for rating disabilities for "gout, right knee, [and] hearing impairment" issues. SAppx11. He requested that the March 2004 rating decision be revised on grounds of clear and unmistakable error or "CUE".[2] SAppx12. The VA responded and asked Mr. Castillo to resubmit his request using the proper form, VA Form 20-0995 or 20-0996. SAppx22–26. In several exchanges with the VA, Mr. Castillo argued that his request did not require a specific form. SAppx27; SAppx29; SAppx39–40.

During this same time period, Mr. Castillo also submitted two VA Form 9s that indicated he sought to appeal the

---

[1]  "SAppx" refers to the appendix accompanying the government's responsive brief.

[2]  CUE must be the type of error, which "had it not been made, would have manifestly changed the outcome at the time it was made." *Cook v. Principi*, 318 F.3d 1334, 1343 (Fed. Cir. 2002) (en banc) (citations omitted); *see also* 38 C.F.R. § 20.1403(c).

VA's response letters to the Board of Veterans' Appeals ("Board"). SAppx27; SAppx39. After Mr. Castillo sent his second VA Form 9, the VA sent Mr. Castillo another letter, stating that "[w]e received your correspondence indicating that you would like to file a claim for benefits." SAppx49. Despite this, there did not appear to be proceedings before the Board.

Mr. Castillo filed a petition for a writ of mandamus before the United States Court of Appeals for Veterans Claims ("Veterans Court"). SAppx1. Mr. Castillo argued that the VA improperly refused to adjudicate his request for a review of the March 2004 disability rating decision. He requested that the Veterans Court order the VA to consider his CUE request in the first instance. *Id.* The VA, however, had instituted a review of Mr. Castillo's CUE claim in October 2020. SAppx60. In November 2022, the VA Regional Office denied Mr. Castillo's claim. SAppx60–66. The Veterans Court then dismissed as moot Mr. Castillo's petition for a writ of mandamus. Mr. Castillo appeals. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

We agree with the Veterans Court that it lacks jurisdiction over Mr. Castillo's mandamus petition.

Article III of the U.S. Constitution limits federal court jurisdiction to cases and controversies. U.S. CONST. art. III, § 2. We possess jurisdiction to review the Veterans Court's denial of a petition for a writ of mandamus. *See Lamb v. Principi*, 284 F.3d 1378, 1381 (Fed. Cir. 2002); *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Mootness, as a question of law, is reviewed *de novo*. *See Ford Motor Co. v. United States*, 688 F.3d 1319, 1329 (Fed. Cir. 2012).

Mr. Castillo petitioned the Veterans Court to direct the VA to adjudicate his request for a review of the March 2004 rating decision. SAppx1, 11–12. But the record shows that in November 2022, while his petition was pending before

the Veterans Court, the VA considered and denied his CUE claim concerning the March 2004 rating decision. SAppx60–66. As a result, the VA provided the relief Mr. Castillo sought in his petition for a writ of mandamus. The Veterans Court correctly determined it lacked jurisdiction due to mootness because the relief sought by Mr. Castillo has been satisfied. *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017). We affirm the Veterans Court's dismissal for lack of jurisdiction because a case "that becomes moot is no longer a 'Case' or 'Controversy' for Article III purposes." *Mote v. Wilkie*, 976 F.3d 1337, 1341 (Fed. Cir. 2020) (citation omitted).

We note that, depending on the circumstances, Mr. Castillo, may have an avenue to appeal to the Board the merits of the VA's November 2022 decision.

## CONCLUSION

We have considered Mr. Castillo's other arguments and find them unpersuasive. We affirm the Veterans Court's decision that it lacks jurisdiction over Mr. Castillo's petition for a writ of mandamus.

**AFFIRMED**

### COSTS

No costs.