NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROLAND CASTRO,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2024-1542

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-507, Judge Grant Jaquith.

---

Decided: July 17, 2024

---

ROLAND CASTRO, Lytle, TX, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY.

---

Before HUGHES, LINN, and STARK, *Circuit Judges*.

PER CURIAM.

Roland Castro appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing in part and denying in part his petition for a writ of mandamus. He also appeals the Veterans Court's denial of his motion for full court review. We affirm.

I

Mr. Castro served in the United States Air Force between August 12 and December 4, 1980; October 6, 1983 and January 5, 1987; and February 27, 1987 and May 16, 1988. Mr. Castro filed a claim with the Department of Veterans Affairs ("VA") seeking to increase his disability rating for spinal conditions and to obtain service-connected benefits for non-spinal conditions. In a decision issued in May 2007 ("2007 Decision"), the VA denied both of Mr. Castro's claims.

Eleven years later, in March 2018, Mr. Castro filed a motion with the VA alleging that the 2007 Decision was premised on clear and unmistakable error ("CUE"). In denying the CUE motion, the VA issued two decisions. First, in 2018, the regional office ("RO") found no CUE in the VA's adjudication of Mr. Castro's spinal claims ("2018 Decision"). Second, in a decision issued in 2023, the RO found no CUE with respect to the VA's adjudication of Mr. Castro's non-spinal claims ("2023 Decision"). Mr. Castro timely appealed the 2018 Decision to the Board of Veterans' Appeals ("Board").

In early 2023, while Mr. Castro's appeal of the RO's 2018 Decision was pending before the Board, but before the RO had issued its 2023 Decision, Mr. Castro filed a petition for a writ of mandamus in the Veterans Court, contending that the VA was unreasonably delaying and refusing to act on his CUE motion. After the RO handed down its 2023 Decision, the Veterans Court disposed of the petition, dismissing it in part and denying it in remaining part.

Specifically, the Veterans Court dismissed as moot the portion of the mandamus petition seeking a decision on Mr. Castro's non-spinal claims, as the RO had by then issued its 2023 Decision affirming denial of those claims, and the Veterans Court denied the portion of the petition alleging unreasonable delay in adjudication of his spinal claim. S.A. 4-5.[1]

After the Veterans Court denied Mr. Castro's motion for review by the full court, Mr. Castro timely appealed. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

## II

In appeals from the Veterans Court, we have jurisdiction to "decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). Except where a constitutional claim is raised, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2).

We have "jurisdiction to review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). However, "[w]e may not review the factual merits of the veteran's claim" but may only "determine whether the petitioner has satisfied the legal standard for issuing the writ." *Id.*

## III

Mr. Castro failed to establish he was entitled to a writ of mandamus.

First, the Veterans Court correctly dismissed as moot the portion of Mr. Castro's petition pertaining to his non-

---

[1] "S.A. __" refers to the supplemental appendix of attached to the government's brief (ECF No. 7).

spinal claim.  By the time the Veterans Court was considering the petition, the RO had issued its 2023 Decision, which adjudicated the non-spinal claims – and that adjudication was the very relief Mr. Castro sought via his petition.  Hence, this aspect of the petition was moot.  *See Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017).

Second, in evaluating Mr. Castro's contention that the Board unreasonably delayed adjudication of his appeal of the RO's 2018 Decision, pertaining to his spinal claim, the Veterans Court applied the correct legal standard, i.e., the one set out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 79 (D.C. Cir. 1984) ("*TRAC*"), which we adopted in *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018).  To the extent he challenges the Veterans Court's specific analysis of the *TRAC* factors and the court's weighing of those factors, Mr. Castro has not identified a non-frivolous legal issue within our jurisdiction to review.  We likewise lack jurisdiction to entertain Mr. Castro's invitation to review the Veterans Court's application of various statutes and regulations to the facts of his case, as again he makes no non-frivolous argument that the Veterans Court made an error of law.  *See e.g.,* Opening Br. at 1 (faulting Veterans Court's application of "Section 7261(b)(2) (Scope of Review)," "Rule 35(a)(1)(A)," "Article III of the Constitution," "28 U.S.C. Sec. 1651(a)," "38 C.F.R. Sec. 3.105(a)," and "38 U.S.C. Section 7292(c)"); *see also Beasley,* 709 F.3d at 1158 ("[W]e do not interfere with the [Veteran's Court's] role as the final appellate arbiter of the facts underlying a veteran's claim or the application of veterans' benefits law to the particular facts of a veteran's case.").

Accordingly, we affirm the portion of the Veterans Court's decision denying Mr. Castro's petition.

## IV

Mr. Castro further contends that the Veterans Court's denial of his motion for full court review is

unconstitutional. Veterans Court Rule 35 "establishes a procedure for requesting panel and then full court review of a single judge decision," and "[d]enial of such requests does not of itself violate due process." *Arnesen v. Principi*, 300 F.3d 1353, 1360 (Fed. Cir. 2002). Accordingly, Mr. Castro has identified no error in the Veterans Court's denial of Mr. Castro's motion for full court review.

## V

We have considered Mr. Castro's remaining arguments and find them unpersuasive. The Veterans Court's decision is affirmed.

## AFFIRMED

### COSTS

No costs.