NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LEA A. KING,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1377

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4438, Judge Scott Laurer.

---

Decided:  September 5, 2024

---

LEA A. KING, Budoia, PN, Italy, pro se.

AN HOANG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before DYK and STOLL, *Circuit Judges*, and MURPHY, *District Judge*.[1]

PER CURIAM.

Lea A. King, appearing pro se, appeals from an order of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing her petition for extraordinary relief in the nature of a writ of mandamus. Ms. King[2] sought to compel a decision from the Regional Office ("RO") of the Department of Veterans Affairs ("VA") on her claims for dependency and indemnity compensation benefits, non-service-connected death pension benefits, and accrued benefits. Shortly after Ms. King filed her petition, the RO denied her claim. Because the Veterans Court correctly determined that Ms. King's petition to compel a decision was moot, we *dismiss*.

## BACKGROUND

Ms. King was married to Thor King, a United States military veteran. Thor King died in September 2018, and Ms. King filed claims for VA benefits in February 2019. The RO denied the claims on the ground that Ms. King was divorced from Thor King before his death. Ms. King appealed to the Board of Veterans' Appeals ("Board"), which determined that she was not entitled to VA benefits due to the divorce, and Ms. King appealed that decision to the Veterans Court. On appeal, the Veterans Court vacated the Board's decision because the Board had not adequately

---

[1]    Honorable John F. Murphy, District Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

[2]    We use the title "Ms." for consistency with the Veterans Court's order. As explained below, by using this title we express no opinion on the merits of Ms. King's arguments concerning the validity of her divorce from Thor King.

addressed Ms. King's arguments that the divorce was not valid and because there was no divorce decree in the record. *King v. McDonough*, No. 20-6996, 2021 WL 3732716, at *1 (Vet. App. Aug. 24, 2021). In a decision dated June 23, 2022, the Board remanded the claims to the RO.

On July 18, 2023, Ms. King filed a petition in the Veterans Court seeking a decision on her claims, which the Veterans Court construed as a mandamus petition to compel and expedite a decision by the RO. A few weeks later, on August 7, 2023, the RO denied entitlement to all benefits sought. The RO stated that it located a divorce decree that was entered in Kansas the month before Thor King's death, and it determined that the divorce was valid. The decision letter stated that "no accrued benefits are payable," but the letter arguably suggested a lack of finality by further stating that the RO had "made a partial decision" and that "[e]ntitlement to accrued benefits is remanded." S.A. 13. The Veterans Court concluded that the reference to a partial decision and remand was clerical error, and that the RO had in fact denied all of Ms. King's claims. Therefore, the Veterans Court dismissed the mandamus petition as moot because Ms. King had received a decision. Ms. King filed a motion for reconsideration, which was denied.

This appeal followed. Under 38 U.S.C. § 7292, we may review the Veterans Court's decision to the extent the appeal "raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013).

## DISCUSSION

"Article III of the [United States] Constitution limits our jurisdiction to cases and controversies," *i.e.*, "actual and concrete disputes, the resolutions of which have a direct consequence on the parties." *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017). If a plaintiff has received the full relief sought, then a case is generally considered moot and must be dismissed. *See id.*

Ms. King's mandamus petition is moot because, as the Veterans Court correctly found, she received the relief that she requested when the RO issued a decision on all of her claims. On appeal, Ms. King concedes that the "August 7th, 2023 letter from Department of Veterans Affairs was . . . indeed a decision." Informal Br. of Appellant at 5 (citations omitted). Her petition sought only a decision from the RO, and the RO made a decision denying entitlement to all of her claimed benefits. Thus, Ms. King's mandamus case is moot and must be dismissed.[3]

We note that Ms. King's informal appeal brief primarily addressed the merits of her claims. She argued that the divorce was not valid because the Kansas court purportedly lacked personal jurisdiction over her, because the divorce purportedly failed to comply with international treaties (Ms. King represented that she is a citizen of Italy), and because Thor King was purportedly mentally incapacitated. Ms. King further argued that the VA erroneously determined that her income exceeds the maximum allowable for non-service-connected death pension benefits and that the VA overlooked favorable evidence. We cannot address these arguments because the merits of the decision are not currently before us, and we therefore express no opinion on them. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (explaining that a writ of mandamus is not "a substitute for the regular appeals process"). To the extent that Ms. King disagrees with the RO's decision, the appropriate course of action is to challenge it directly through the VA's normal appeals processes. *See* S.A. 18 ("If [Ms. King] disagrees with [the RO's] decision,

---

[3]    To the extent Ms. King contends, apparently relying on *Martin v. O'Rourke*, 891 F.3d 1338, 1344 (Fed. Cir. 2018), that the RO should have established a timetable for a final decision by the Board, there is no statutory entitlement to such a timetable. *See Martin*, 891 F.3d at 1345.

she may challenge it by filing a supplemental claim, requesting higher-level review, or appealing to the Board.").

## DISMISSED

### COSTS

No costs.