NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PAUL WRIGHT,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1982

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5244, Senior Judge Robert N. Davis.

---

Decided: December 14, 2020

---

PAUL WRIGHT, Marietta, SC, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JEFFREY B. CLARK, ALLISON KIDD-MILLER, ROBERT EDWARD KIRSCHMAN, JR.; JONATHAN KRISCH, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before NEWMAN, LOURIE, and HUGHES, *Circuit Judges.*

PER CURIAM.

Paul Wright, a veteran of the United States Navy, appeals the decision of the United States Court of Appeals for Veterans Claims in *Wright v. Wilkie,* No. 19-5244, 2019 WL 6138462 (Vet. App. Nov. 20, 2019) (*Decision*). Appellant's Br. 3–5.[1] The Veterans Court found that there was an available alternative means to secure Mr. Wright's requested relief because his claims were still pending before the Department of Veterans Affairs and therefore denied his petition for a writ of mandamus. *Id.* Mr. Wright argues that, in denying his petition, the Board impermissibly applied the All Writs Act (AWA) and violated his constitutional right of petition under the First Amendment. Because we have jurisdiction only to review legal questions appealed from the Veterans Court and because we disagree with Mr. Wright's legal arguments, we affirm.

I

Mr. Wright served in the U.S. Navy three times between April 1974 and July 1984. S.A. 71. In 2015, he filed a claim with VA for multiple disability benefits, including a deviated septum (DS), obstructed sleep apnea (OSA), and gastroesophageal reflux disease (GERD). S.A. 74–91. VA awarded Mr. Wright service connection for DS with a maximum 10 percent rating for that claim, but VA did not reach a final decision regarding service connection for his other claims of OSA and GERD because the agency was in the

———————————

[1]    Citations to Mr. Wright's informal brief and reply (and the pages and documents included therein) reflect the pagination applied by this court's electronic case files system, Docket Nos. 2 and 14, respectively.

process of seeking further medical evaluation of those conditions. S.A. 37–38; S.A. 71–73.

Mr. Wright filed a "petition for extraordinary individual equitable relief" with the Veterans Court, arguing that VA had "implicitly" decided his OSA and GERD claims by deciding his DS claim and that VA was unlawfully withholding those benefits. S.A. 11–19. The Veterans Court construed the petition as a "petition for extraordinary relief in the nature of a writ of mandamus under 38 U.S.C. § 7261(a)(2)." S.A. 20.

The Veterans Court denied the petition. *Decision* at \*2. The Veterans Court held that it could not issue a writ of mandamus under the All Writs Act (AWA) unless Mr. Wright could demonstrate, among other things, "the lack of adequate alternative means to obtain the desired relief." *Id.* at \*1 (citing *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). Finding "Mr. Wright's OSA and GERD claims" to be "still pending with VA," the Veterans Court held that he had "alternative means for relief . . . available to him." *Id.* at \*2.

Mr. Wright subsequently appealed to this court.

II

We have limited jurisdiction over appeals from the Veterans Court. We decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). But except to the extent that an appeal presents a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a case. *Id.* § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). In matters over which we have jurisdiction, we must set aside any interpretation that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of

statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). We review the Veterans Court's legal determinations under a de novo standard. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991). When a denial of a petition for a writ of mandamus raises a "non-frivolous legal question," *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013), we review the denial for abuse of discretion. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011); *Lamb v. Principi*, 284 F.3d 1378, 1384 (Fed. Cir. 2002).

## III

Two statutes are at issue in this case, 38 U.S.C. § 7261(a)(2) and the AWA, 28 U.S.C. § 1651(a). Mr. Wright argues that the Veterans Court should have applied § 7261(a)(2), without invoking the AWA, to compel action by the VA Secretary to pay his claims. *See* Appellant's Br. 1 ("[T]he AWA simply does not apply.") The applicability of the AWA is a legal question over which we have jurisdiction. Because, as explained below, we read the AWA and § 7261(a)(2) together, we hold that the Veterans Court's interpretation of the AWA was proper.

The AWA enables federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." 28 U.S.C. § 1651(a). Section 7261(a)(2) defines the scope of review of the Veterans Court as including "compel[ling] action of the Secretary unlawfully withheld or unreasonably delayed." Together, these provisions give the Veterans Court power to issue writs of mandamus when the Secretary is unlawfully withholding a veteran's benefits. *See Martin v. O'Rourke*, 891 F.3d 1338, 1342–44 (Fed. Cir. 2018) (applying the AWA and § 7261(a)(2) together to give the Veterans Court the power to issue writs of mandamus); *see also Monk v. Shulkin*, 855 F.3d 1312, 1319 (Fed. Cir. 2017) (stating that the Veterans Court can

"rely on the All Writs Act to aggregate claims in aid of … jurisdiction" under 38 U.S.C. § 7261(a)(2)).

Mr. Wright cites *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985) for the proposition that the AWA functions only as a gap-filler and does not apply whenever "a statute specifically addresses the particular issue at hand." Appellant's Br. 1. Mr. Wright contends that because § 7261(a)(2) partially addresses a situation where the Secretary is withholding benefits, the AWA cannot apply as well. *Id.* But *Pa. Bureau* stands for the proposition that when another statute specifically limits the reach of a court's power, the AWA does not circumvent that limit. 474 U.S. at 43. Cases reading the AWA in conjunction with § 7261(a)(2) do not conflict with that principle.

Thus, because the Veterans Court followed our and the Supreme Court's precedent in considering the AWA together with § 7261(a)(2), we affirm.

IV

Because we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," we lack jurisdiction to consider Mr. Wright's remaining arguments. 38 U.S.C. § 7292(d)(2).

Mr. Wright argues that, by "refusing to issue a merits decision," the Veterans Court "implicitly" held that he does "not have a fundamental right to petition for redress of [his] grievances as to the Secretary's unlawful withholding of veteran benefits to which [he is] presently entitled," pursuant to the "Petition Clause of the First Amendment." Appellant's Br. 1.

Although framed as a constitutional question, this argument is really a restatement of the merits of his case before the Veterans Court. The Veterans Court applied the AWA to the facts of Mr. Wright's case by denying Mr. Wright's petition because he had adequate alternative

means to obtain his desired relief. *Decision* at *3. Mr. Wright argues that this holding was incorrect because the Veterans Court incorrectly determined that he had missed medical examinations necessary to his pending VA claims. *See* Appellant's Reply Br. 11–16. We have no jurisdiction over these questions of fact or application of law to fact. 38 U.S.C. § 7292(d)(2). Mr. Wright's argument that he has been denied constitutional rights reiterates these points. *See* Appellant's Br. 1 (arguing that VA's "unlawful withholding" of benefits "implicitly" violates the constitution). Although we have jurisdiction to consider constitutional questions, appellants must do more than state that improper application of law to fact in the Veterans Court implicitly violates the constitution. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) (an appellant's "characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack"). Because the Veterans Court decision did not make any decision regarding the First Amendment, even implicitly, we have no jurisdiction to consider this argument.

V

In this appeal, the only issue over which we have jurisdiction is whether the AWA applies to Mr. Wright's petition for a writ of mandamus. Because we hold that § 7261(a)(2) must be read in conjunction with the AWA under these circumstances, we affirm the Veterans Court's decision that it does.

**AFFIRMED**

No costs.