# United States Court of Appeals for the Federal Circuit

---

**LOUIS FRANTZIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2210

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5236, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr, Judge Michael P. Allen.

---

Decided: June 4, 2024

---

ROBERT C. BROWN, JR., Tommy Klepper & Associates, PLLC, Norman, OK, argued for claimant-appellant.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, argued for amicus curiae Vietnam Veterans of America.

MARK RYAN LIPPMAN, The Veterans Law Group, Poway, CA, for amicus curiae National Law School Veterans Clinic Consortium. Also represented by BRENT FILBERT, Veterans Clinic, University of Missouri School of Law, Columbia, MO; MORGAN MACISAAC-BYKOWSKI, Veterans Law Institute, Stetson University College of Law, Gulfport, FL.

_____

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

MOORE, *Chief Judge*.

Mr. Louis Frantzis appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) and holding the Board member who conducts a hearing is not statutorily required to make the final determination. For the following reasons, we affirm.

## BACKGROUND

Mr. Frantzis served in the U.S. Army from October 1979 to October 1982. In October 2009, he sought service connection for several conditions, including headaches. The Department of Veterans Affairs (VA) initially denied his claims in a November 2009 rating decision. Mr. Frantzis appealed, and the Board eventually remanded his claim regarding headaches for further development. In August 2014, the VA granted service connection for his headaches and assigned a noncompensable disability rating. Mr. Frantzis timely appealed. While Mr. Frantzis' appeal was pending at the Board, the Veterans Appeals Improvement and Modernization Act of 2017, also known as the Appeals Modernization Act (AMA), was enacted. Pub. L.

No. 115-55, 131 Stat. 1105 (2017).  In June 2018, Mr. Frantzis elected to have his claim adjudicated under the AMA.

In May 2019, Mr. Frantzis and his wife testified at a Board hearing conducted by Board member James Reinhart.  About four months later, on September 11, 2019, Board member Theresa Catino issued a decision denying an increased rating and an earlier effective date for Mr. Frantzis' service-connected headaches.

Mr. Frantzis appealed to the Veterans Court, arguing 38 U.S.C. § 7102 requires the same Board member who conducts a hearing to also issue the resulting decision.  After briefing and before oral argument, the Veterans Court issued an order directing the parties to "be prepared to discuss how the principle of fair process applies here." *Frantzis v. McDonough*, No. 20-5236 (Vet. App. Apr. 5, 2022).

In June 2022, a divided panel affirmed the Board's decision.  *Frantzis v. McDonough*, 35 Vet. App. 354 (2022).  The majority concluded the AMA does not require the Board member conducting the hearing to also decide the appeal.  *Id.* at 357, 360–65.  Specifically, the majority relied on the removal of pre-AMA language in 38 U.S.C. § 7107(c) requiring the same judge conducting the hearing to issue a final determination.  *Id.* at 362.  The majority also rejected the argument that 38 U.S.C. § 7102 supports the same judge requirement because its language did not change with enactment of the AMA.  *Id.* at 363–64.  The majority declined to consider the fair process doctrine because Mr. Frantzis did not raise the argument himself.  *Id.* at 366–67.

Judge Jaquith dissented because he believed the Board denied Mr. Frantzis fair process in adjudicating his claim.  *Id.* at 368 (Jaquith, J., dissenting).  He reasoned that remand was required because, by issuing a final determination from a Board member who did not conduct Mr. Frantzis' hearing, the Board failed to provide Mr. Frantzis notice and a meaningful opportunity to

participate in the appellate process. *Id.* at 371–75. The Veterans Court denied Mr. Frantzis' motion for full court review. *Frantzis v. McDonough*, No. 20-5236, 2022 WL 2980978, at *1 (Vet. App. July 28, 2022). Chief Judge Bartley dissented from denial of full court review to express disagreement with the majority's decision not to consider the fair process doctrine. *Id.* (Bartley, C.J., dissenting).

Mr. Frantzis appeals. We have jurisdiction under 38 U.S.C. § 7292(a), (c).

## DISCUSSION

In reviewing Veterans Court decisions, we "shall decide all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). We review the Veterans Court's legal interpretations de novo. *Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017).

Mr. Frantzis argues the Veterans Court erred because the AMA does not authorize the Board to issue an opinion authored by a different member than the member who conducted the hearing. Appellant Br. at 10–14. The Secretary of Veterans Affairs (Secretary) argues the AMA eliminated the same judge requirement because it removed the language expressly requiring the same judge for the hearing and final determination. Appellee Br. at 10–16. We agree with the Secretary.

The AMA established a new system for adjudicating appeals. *Mattox v. McDonough*, 56 F.4th 1369, 1373 (Fed. Cir. 2023). The existing appeal system, referred to as the "legacy" system, remained intact and by default applies to all claims initially decided before February 19, 2019. *Id.* The AMA allows claimants with legacy claims to elect the new appeals system over the legacy system. AMA § 2(x)(3), (5), 131 Stat. at 1115. Mr. Frantzis elected to participate in the AMA system. J.A. 303.

Under the pre-AMA system, the Board member who conducted the hearing must participate in the final determination of the claim. 38 U.S.C. § 7107(c) (1994) ("Such member or members designated by the Chairman to conduct the hearing shall, except in the case of a reconsideration of a decision . . ., participate in making the final determination of the claim."). The AMA amended 38 U.S.C. § 7107(c) and removed the language that required the same judge for both the hearing and final determination. AMA § 2(t), 131 Stat. at 1112–13; *see also* 38 U.S.C. § 7107(c) (2017). The express language for the same member requirement no longer exists.

Mr. Frantzis argues 38 U.S.C. § 7102 supplies a same Board member requirement. Section 7102(a) governs the assignment of cases to Board members and does not mention requirements for hearings and final determinations. 38 U.S.C. § 7102(a) ("A member or panel assigned a proceeding shall make a determination thereon, including any motion filed in connection therewith."). The language of § 7102 remained the same before and after enactment of the AMA. Mr. Frantzis argues, as Judge Jaquith asserted in his dissent, the language of § 7102 broadly creates a same Board member requirement which remained in place after the more specific language of § 7107(c) was removed. Based on the plain language of the statute, we do not agree.

The source of the same member requirement for the legacy appeals system was pre-AMA 38 U.S.C. § 7107(c). The unchanged language of § 7102 cannot be the basis for the same member requirement in the AMA system. A statutory interpretation otherwise would violate the presumption against surplusage. *See Nat'l Ass'n of Mfrs. v. Dep't of Defense*, 583 U.S. 109, 128–29 (2018) (rejecting interpretation that would render a portion of the statute meaningless without clear evidence of Congress' intent). Nor can we agree with Mr. Frantzis' argument that, through enactment of the AMA, Congress intended to embed § 7102 with a same Board member requirement. Mr. Frantzis offers no

support for the argument that Congress intended to impliedly amend § 7102 by leaving its text unchanged. The statutory scheme and its history are clear—the same judge is not required to both conduct the hearing and author the final determination under the AMA.

Mr. Frantzis and amici argue the Veterans Court erred by declining to address the fair process doctrine.[1] Appellant Br. at 19–22. There is uncertainty surrounding this doctrine and how it is applied. The fair process doctrine is a recognition that due process applies in the claimant process. *Sprinkle v. Shineski*, 733 F.3d 1180, 1185 (Fed. Cir. 2013) ("[T]his court has held the Due Process Clause of the Constitution applies to proceedings in which the VA decides whether claimants are eligible for veterans' benefits."). For example, we explained the fair process doctrine requires the Board to "provide a claimant with reasonable notice of [new] evidence . . . and a reasonable opportunity for the claimant to respond to it." *Id.* (omission in original) (quoting *Thurber v. Brown*, 5 Vet. App. 119, 126 (1993)). To the extent Mr. Frantzis argues the fair process doctrine creates a procedural right, the argument was not presented below and is thus forfeited.

For these reasons, we affirm the Veterans Court's decision holding the AMA does not require the same Board

---

[1]    Judge Jaquith's dissent and the amici brief discuss *Arneson v. Shineski*, 24 Vet. App. 379 (2011) in support of their fair process argument. But *Arneson* expressly declined to reach the question of whether the fair process doctrine creates a procedural right to a hearing before every Board member who decided a case and, instead, determined that 38 U.S.C. § 7102, pre-AMA 38 U.S.C. § 7107, and 38 C.F.R. § 20.707 provide this right. 24 Vet. App. at 386–89.

member conduct the hearing and make a final determination.

## CONCLUSION

We have considered Mr. Frantzis' remaining arguments and find them unpersuasive. For the reasons given above, we affirm the decision of the Veterans Court.

**AFFIRMED**