# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 24-6515

KASSIDY A. PERKINS, APPELLANT,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued March 13, 2025                          Decided May 16, 2025)

*Lauren H. Miller*, with whom *Timothy L. McHugh*, *David J. DePippo*, and *William H. Smith III*, all of Richmond, Virginia, were on the brief for the appellant.

*Kirsten S. Dowell*, with whom *Richard J. Hipolit*, Principal Deputy General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Sarah W. Fusina*, Deputy Chief Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before ALLEN, *Chief Judge*, and TOTH and LAURER, *Judges*.

ALLEN, *Chief Judge*: This appeal is, in many respects, a sequel to the Supreme Court's 2024 decision in *Rudisill v. McDonough*.[1] And, just as in film, understanding a sequel requires that we review what happened in the first installment. So, we will spend significant time below reviewing what the Supreme Court decided in *Rudisill* and why it did so. Practically speaking, that decision is the guide for our resolution of the appeal before us today. But we're getting ahead of ourselves.

The case before us presents an important question concerning how a lengthy, single, unbroken period of service affects eligibility for two educational benefits: the Montgomery GI Bill (MGIB) (i.e., chapter 30 of title 38 of the U.S. Code) and the Post-9/11 GI Bill (Post-9/11) (i.e., chapter 33 of title 38 of the U.S. Code). Appellant Kassidy A. Perkins served the Nation honorably as an enlisted servicemember in the U.S. Air Force with a single, unbroken period of service from August 12, 2014, to August 11, 2020.[2] In this appeal, which is timely and over which the Court

---

[1] 601 U.S. 294 (2024).

[2] Record (R.) at 236.

has jurisdiction,[3] appellant contests an August 6, 2024, Board of Veterans' Appeals (Board) decision that denied her entitlement to MGIB benefits.[4] As we will detail below, there is no dispute that appellant's lengthy period of active-duty service qualified her for benefits under *both* the MGIB and Post-9/11 GI Bills. The dispute is about whether the nature of Ms. Perkins' service means that she must decide whether to receive benefits under one program or the other or, in contrast, whether she can receive benefits under both programs subject to a total statutory cap. The Board denied appellant entitlement to MGIB benefits because it concluded that 38 U.S.C. § 3322(h) barred her from qualifying for both MGIB benefits and Post-9/11 benefits based on a single, continuous period of service that occurred after subsection (h)'s effective date, August 1, 2011.[5]

The Board was wrong as a matter of law. As we will explain below, we hold that a veteran whose single period of service is long enough to qualify for benefits under both the MGIB and Post-9/11 programs without using any period of time twice to establish eligibility[6] is entitled to receive benefits under both programs up to a statutory 48-month cap on such educational benefits. We will reverse the Board's decision that appellant is barred from qualifying for MGIB benefits in addition to her entitlement to Post-9/11 benefits and remand this matter for the assignment of educational benefits under the correct understanding of the law.

## I.  BACKGROUND

The facts underlying this appeal are straightforward and uncontested. As we noted, appellant served on active duty as an enlisted servicemember in the U.S. Air Force from August

---

[3] *See* 38 U.S.C. §§ 7252(a), 7266(a).

[4] R. at 5-8.

[5] R. at 7-8.

[6] What we mean by using a time period "twice" to establish eligibility can be captured in this simplified hypothetical. Assume a person qualifies for benefits under the MGIB with 2 years of service and qualifies for benefits under the Post-9/11 program with 3 years of service. If Veteran A had 5 years of total service, she could qualify for benefits under both programs without counting any year twice—years 1 and 2 could be used for MGIB benefits and years 3 to 5 could be used for Post-9/11 benefits. In contrast, Veteran B has only 4 years of service. He could not qualify for benefits under both programs without using one of his years twice—for example years 1 and 2 for the MGIB benefits and years 2 to 4 for the Post-9/11 benefits. In this hypothetical, year 2 would be used twice to establish eligibility, once for each program. We explore this issue further below. We provide this summary to assist the reader's understanding of the opinion as it develops.

12, 2014, to August 11, 2020.[7] Before her separation from service, appellant was admitted to Wesleyan University.[8] In October 2019, she sought Post-9/11 educational benefits.[9] Later that month, VA issued a certificate of eligibility (COE) for Post-9/11 benefits, notifying appellant that she was eligible to receive 36 months of Post-9/11 benefits.[10] VA also informed her that it "made an alternative election on [her] behalf to relinquish [(MGIB)]" benefits to establish her eligibility for Post-9/11 benefits.[11] Put differently, VA told appellant she could no longer receive MGIB benefits if she wished to receive or use Post-9/11 benefits.

In September 2020, appellant appealed the October 2019 COE determination to the Board.[12] As we explore in detail below, she argued that her 6-year period of active-duty service entitled her to benefits under both the MGIB and the Post-9/11 GI Bill.[13] In August 2024, the Board issued the decision on appeal before us in which it denied appellant entitlement to MGIB benefits.[14] It reasoned that section 3322(h)(1) barred appellant from eligibility to more than one educational benefit because her single period of service occurred after the date on which subsection (h) took effect.[15] The Board explained that

> [T]he law bars 'duplication of eligibility' based on a single period of service that began on August 1, 2011, or later. In other words, service that began on August 1, 2011, or later cannot be credited towards both Chapter 30 benefits and Chapter 33 benefits. . . This bar to duplication of eligibility based on a single event or period of service was due to amendments enacted by Congress which were made effective August 1, 2011.[16]

The Board also acknowledged the Supreme Court's decision in *Rudisill*.[17] The Board apparently concluded that *Rudisill* was not controlling in appellant's case based on a factual

---

[7] R. at 236.

[8] R. at 40.

[9] R. at 40, 65.

[10] R. at 178.

[11] *Id*.

[12] R. at 38.

[13] R. at 41.

[14] R. at 5-8.

[15] R. at 7-8.

[16] R. at 6-7.

[17] R. at 7 (citing 601 U.S. 294).

3

distinction between appellant and the petitioner in *Rudisill*—namely that Mr. Rudisill had two separate periods of service that each independently qualified for entitlement to both MGIB and Post-9/11 benefits while appellant had only a single period of service.[18] The Board determined that, unlike the petitioner in *Rudisill*, appellant was not entitled to MGIB benefits in addition to her entitlement to Post-9/11 benefits because she served a single period of service after August 1, 2011.[19] This appeal followed.

## II. PARTIES' ARGUMENTS

### A. *Appellant*

Appellant asks the Court to reverse the Board's decision that denied her entitlement to MGIB benefits.[20] She argues that the Board erred in requiring a "break in service" or multiple obligated periods of active service in order for her to qualify for more than one type of educational benefit.[21] Appellant presents a single theory under which she argues she's entitled to both MGIB and Post-9/11 benefits. She contends that her approximately 6 years of continuous active-duty service qualifies for separate entitlements under both programs without having to use any of her time in service twice to support entitlement under both programs.[22] In other words, she does not need to double count any time to establish her separate entitlements. Appellant asserts that *Rudisill* is dispositive of the appeal.[23] There, the Supreme Court, in relevant part, held that veterans with separate entitlements to both MGIB and Post-9/11 benefits may use their benefits in any order up to the 48-month aggregate cap under 38 U.S.C. § 3695 without having to swap one GI Bill benefit for the other via a 38 U.S.C. § 3327 election.[24] Appellant highlights that the majority in *Rudisill* expressly focused on the *length* of the petitioner's service rather than the quantity of his *periods* of service when it assessed his entitlement to educational benefits.[25]

---

[18] *Id*.

[19] R. at 7-8.

[20] Appellant's Brief (Br.) at 1, 15.

[21] *Id*. at 1-2, 5-8, 11-15.

[22] *Id*.. at 4-5.

[23] *Id*. at 8-15; Reply Br. at 1-2.

[24] *Rudisill*, 601 U.S. at 294-95.

[25] Appellant's Br. at 4-5 (citing *Rudisill*, 601 U.S. at 305-06, 314), 13 (citing *Rudisill*, 601 U.S. at 302).

Next, appellant asserts that the Board erred when it employed section 3322(h)(1) to bar her from obtaining entitlement to benefits under both programs.[26] She argues that subsection (h) does not apply to her situation because it only acts as a bar to prevent veterans from obtaining entitlement to both MGIB benefits and Post-9/11 benefits based on the same or overlapping service.[27] In other words, because appellant need not use any of her time in service twice to establish entitlement to benefits under both programs, she maintains that subsection (h) simply has no relevance to her situation.

Finally, appellant contends that the Board's break-in-service requirement would yield absurd and inconsistent results.[28] For example, appellant notes that the Secretary's interpretation of subsection (h) would permit veterans who served less time than she did to obtain more benefits. Specifically, a person could have two separate periods of service (that is, there is a break in service) for 2 years and 3 years, respectively, which could qualify them for benefits under both programs. Yet, based on the Board's interpretation of the law, appellant's 6 years would entitle her to benefits only under one program.[29]

### B. Secretary

The Secretary defends the Board's decision in full, urging us to affirm the Board's interpretation of the relevant statutory provisions on which it based its denial of benefits to appellant. The Secretary essentially makes two arguments. First, he maintains that subsection 3322(h)(1) prohibits veterans who complete a single period of service that began on or after August 1, 2011, from eligibility for more than one educational benefit under title 38 of the U.S. Code, no matter how lengthy that single period of service may be.[30] The Secretary contends that subpart (h)(1) is best read through the lens of its heading: "[b]ar to duplication of eligibility based on a single event or period of service."[31] Putting this together, he concludes that subsection (h) applies to veterans whose active duty service spanned one continuous period beginning on or after August 1, 2011. So, these veterans are required to choose under which of the two GI Bills they wish to

---

[26] *Id.* at 12-14.

[27] *Id.* at 13-14.

[28] *Id.* at 5-6, 14-15.

[29] *Id.* at 14-15.

[30] Secretary's Br. at 4.

[31] *Id.* at 4-5.

5

receive benefits.[32] During oral argument, the Secretary's counsel made clear that subsection (h) does not apply to individuals who entered active duty before August 1, 2011. [33] In sum, the Secretary maintains that appellant is subject to subsection 3322(h)'s bar to entitlement to two educational benefits because her period of active-duty service began after August 1, 2011.

Second, the Secretary focuses on the fact that appellant had a single period of service as opposed to serving more than one period separated by a break.[34] And he uses the fact of appellant's single period of service as a means of distinguishing the Supreme Court's decision in *Rudisill*.[35] The Secretary asserts that *Rudisill* doesn't apply in appellant's situation because Mr. Rudisill's entitlement to MGIB and Post-9/11 benefits derived from his three discrete periods of service.[36] In other words, the Secretary's view is that *Rudisill* is cabined to its facts.

### III. ANALYSIS

We now turn in earnest to our resolution of this appeal. We proceed in four parts. First, we provide some basic context for the MGIB and Post-9/11 programs, particularly explaining why Ms. Perkins satisfies the eligibility requirements for both programs. Second, we detail the facts underlying the Supreme Court's decision in *Rudisill*. In addition, and at the risk of injecting some repetitiveness into this opinion, we explore the Supreme Court's holdings and reasoning. As we explained at the beginning of our opinion, *Rudisill* is instrumental in our resolution of this sequel case. Next, we consider the Secretary's two arguments supporting the Board's decision. We explain why we reject both of them. And finally, we explain the remedy we impose.

*A. Eligibility Under the MGIB and Post-9/11 Programs*

The two education benefits programs at issue in this appeal partly overlap. Generally, the MGIB program provides entitlement to educational benefits to veterans who entered active duty between July 1, 1985, and September 30, 2030. [37] The Post-9/11 program, on the other hand, generally provides entitlement to educational benefits to individuals who entered active duty on or

---

[32] *Id*. at 4-8.

[33] Oral Argument (OA) at 26:35-27:06, 44:58-46:10, *Perkins v. Collins*, U.S. Vet. App. 24-6515 (oral argument held March 13, 2025), https://www.youtube.com/watch?v=m3G3fA_fGGU.

[34] Secretary's Br. at 3-5.

[35] *Id*. at 10-11.

[36] *Id*. at 10-13.

[37] 38 U.S.C. § 3011(a).

6

after September 11, 2001.[38] Each of these programs provides 36 months of educational benefits for eligible individuals.[39] And individuals who are entitled to benefits under both programs are subject to section 3695's 48-month aggregate cap[40] and are not permitted to receive both benefits concurrently.[41]

It is undisputed that appellant meets all the eligibility requirements under the MGIB and Post-9/11 programs. In relevant part, to receive MGIB benefits, an individual must serve "at least two years of continuous active duty" if the "obligated period of active duty is three years or more."[42] And once those 2 continuous years of active duty are completed, the individual must either continue on active duty or separate from active duty with an honorable discharge.[43]

With respect to Post-9/11 benefits, individuals are entitled to benefits under that program if they begin service on or after September 11, 2001 and serve "an aggregate of at least 36 months on active duty."[44] Similar to MGIB benefits, once the durational requirement for Post-9/11 benefits is satisfied, an individual must either continue to serve on active duty[45] or separate from active duty with an honorable discharge.[46]

There is no dispute that Ms. Perkins meets the basic eligibility requirements for both programs, leaving aside for the moment whether she is entitled to obtain benefits under both programs given the issue before the Court in this appeal. All agree that appellant had a 6-year period of active-duty service.[47] And we know that she received an honorable discharge.[48] This length of service could make appellant eligible under both the MGIB and Post-9/11 programs in several ways. For example, her first 2 years of active duty from August 2014 to August 2016 could count towards MGIB benefits and the 36-month-aggregate from her August 2016 to August 2019

---

[38] 38 U.S.C. § 3311(a), (b).

[39] 38 U.S.C. §§ 3013, 3312(a).

[40] 38 U.S.C. § 3695.

[41] 38 U.S.C. § 3681(b)(1).

[42] 38 U.S.C. § 3011(a)(1)(A)(i).

[43] 38 U.S.C. § 3011(a)(3)(A)-(B).

[44] 38 U.S.C. § 3311(b)(1).

[45] 38 U.S.C. § 3311(b)(1)(B)(i).

[46] 38 U.S.C. § 3311(b)(1)(B)(ii)-(c)(1).

[47] R. at 236; *see* R. at 5 (Board decision recognizes 6 years of active-duty service).

[48] R. at 236.

7

time on active duty could count towards her Post-9/11 benefits. Alternatively, appellant could count her service from August 2018 to August 2020 towards MGIB benefits and her service from August 2014 to August 2017 towards Post-9/11 benefits. The point is that there are several permutations under which appellant's active duty service makes her eligible for benefits under both programs.

Finally, and as particularly relevant to the issue on appeal, it's clear that appellant can establish her eligibility for benefits under each program without counting any time in service twice. From her 6 years of service, appellant can assign a set of 2 consecutive years to establish eligibility for MGIB benefits. And aside from those 2 consecutive years of service, appellant can allocate a separate set of 3 years of service to establish eligibility for Post-9/11 benefits. Indeed, the Secretary even states that "[a]ppellant's single period of service could satisfy the minimum requirements for full benefits under either the [MGIB] or Post-9/11 GI [B]ill[] because of the *duration* of her service."[49] And during oral argument, the Secretary's counsel confirmed this position, specifically that, leaving aside the argument about the effective date of section 3322(h), appellant's length of service alone entitles her to both MGIB and Post-9/11 benefits.[50] Of course, whether the law allows appellant to use her 6 years of continuous service to obtain benefits under both programs is the question we have to answer. But before doing so, we step back to consider what the Supreme Court did in *Rudisill*.

### B. Rudisill

We begin by providing the factual background and legal context of *Rudisill* to explain and underscore its applicability to the appeal before us. Mr. Rudisill served a total of 8 years of active duty in the U.S. Army.[51] His service consisted of three separate periods of obligated service: (1) from January 2000 to June 2002;[52] (2) from June 2004 to December 2005;[53] and (3) from

---

[49] Secretary's Br. at 10 (emphasis added).

[50] OA at 26:35-27:06, 47:43-48:00.

[51] *Rudisill*, 601 U.S. at 294.

[52] *Id*. at 303 n.3.

[53] *Id*.

8

November 2007 to August 2011.[54] He received an honorable discharge from each period of service.[55]

Mr. Rudisill earned an undergraduate degree between his second and third periods of service.[56] He used 25 months and 14 days of the MGIB benefits he earned from his first period of service to fund his undergraduate education.[57] After his third period of service, he sought to obtain approximately 23 months of Post-9/11 benefits to support his postgraduate education up to the 48-month cap under section 3695.[58] Instead, VA issued a COE stating that Mr. Rudisill was eligible for 10 months and 16 days of Post-9/11 benefits.[59] VA determined that the amount of Post-9/11 benefits Mr. Rudisill was eligible to receive was equivalent to the amount of his remaining MGIB benefits under the individual program's 36-month limit.[60] Mr. Rudisill disagreed with the eligibility determination. He believed he was eligible for 22 months and 16 days of Post-9/11 benefits based on section 3695's 48-month aggregate cap due to his entitlement to both programs.[61] The Board affirmed VA's decision.[62] Following this Court's reversal of the Board decision, the Federal Circuit first ruled in favor of Mr. Rudisill in a panel decision but then ruled against him sitting en banc before his case ultimately reached the Supreme Court.[63]

In *Rudisill*, the Supreme Court dealt with entitlement to both MGIB and Post-9/11 benefits in the context of a veteran whose active duty service contained breaks in continuity. Specifically, the Supreme Court addressed whether veterans with separate entitlements to both MGIB and Post-9/11 benefits, like Mr. Rudisill, can use those benefits in any order up to section 3695's 48-month cap instead of the 36-month cap under section 3327(d)(2).[64] Significant to our decision here, the

---

[54] *Id*.

[55] *Id*. at 303.

[56] *Id*.

[57] *Id*. at 303-04.

[58] *Id*. at 304.

[59] *Id*.

[60] *Id*.

[61] *Id*.

[62] *Id*.

[63] *Id*. at 305; *BO v. Wilkie*, 31 Vet.App. 321 (2019), *aff'd sub nom. Rudisill v. McDonough*, 4 F.4th 1297 (Fed. Cir. 2021), *rev'd*, 55 F.4th 879 (Fed. Cir. 2022) (en banc).

[64] *Rudisill*, 601 U.S. at 294-95.

9

majority clearly and expressly made clear that it was Mr. Rudisill's *length* of service and not his *periods* of service through which he earned two separate entitlements to both MGIB and Post-9/11 benefits.[65] The Court acknowledged Mr. Rudisill's separate periods of service but emphasized that it was the length of his service that made the difference in its analysis.[66]

The Supreme Court held that a veteran with separate entitlements to both MGIB and Post-9/11 benefits can receive up to 36 months of education benefits under each program, in any order, subject to section 3695's 48-month aggregate cap.[67] The Court concluded that section 3322(d) didn't apply in Mr. Rudisill's situation because he did not have to coordinate his separate entitlements to MGIB and Post-9/11 benefits through that provision to receive Post-9/11 benefits.[68] The majority explained that section 3322(d) served as a coordination function to effectuate an exchange of entitlement from MGIB benefits to Post-9/11 benefits through certain provisions under section 3327.[69] When an individual makes a section 3327(a) election, section 3327(d)(1) prompts a swap: entitlement to Post-9/11 benefits replaces entitlement to MGIB benefits.[70] And section 3322(d)(2) limits the amount of Post-9/11 benefits to the amount of unused MGIB benefits at the time of the section 3327(a) election, subject to the individual program's 36-month cap.[71]

The Supreme Court underscored that Mr. Rudisill fell outside the category of individuals who needed to coordinate benefits under section 3322(d) to access Post-9/11 benefits via a section 3327 election.[72] The Court determined that an election under section 3327(a) was an optional means to irrevocably swap entitlement from MGIB benefits to Post-9/11 benefits for individuals who had overlapping eligibility—but not separate entitlements—under both programs.[73] Rather, the Court discussed that section 3322(d) applied to individuals who, unlike Mr. Rudisill, earned overlapping eligibility for both MGIB and Post-9/11 benefits based on the same period of service

---

[65] *Id.* at 302, 305-06.

[66] *Id.* at 306.

[67] *Id.*

[68] *Id.* at 309.

[69] *Id.* at 307-08.

[70] *Id.* at 312-13.

[71] *Id.* at 312.

[72] *Id.* at 295-96, 308-09, 311-12.

[73] *Id.* at 310-11.

and wished to swap their entitlement from MGIB benefits to Post-9/11 benefits.[74] Section 3322(d) offered such individuals a way to replace MGIB benefits with Post-9/11 benefits through section 3327.[75] To demonstrate this, the Court provided a hypothetical in which a veteran accrued 36 months of educational benefits through his 3 years of active service.[76] The Court established that the hypothetical veteran had overlapping eligibility for both MGIB and Post-9/11 benefits but could only be entitled to one type of educational benefit because his eligibility for the two educational benefits was confined to a 3-year period of service.[77] There was no way for the veteran to establish entitlement to both programs without having to use at least 1 year twice.[78] And so the Court determined that Congress devised the election mechanism in section 3327(a) so that individuals who would prefer to swap their MGIB benefits for Post-9/11 benefits could do so.[79]

The Supreme Court also acknowledged overlapping eligibility for MGIB and Post-9/11 benefits with respect to section 3322(h). The Court noted that section 3322(h)(1) requires individuals with overlapping eligibility based on overlapping service to elect one of the two benefits programs to credit the eligible service period towards.[80] Similar to the logic behind section 3327(a)'s election mechanism, the majority mentioned that subsection (h)(1) was enacted so that individuals "may not receive double credit for a single period of service."[81]

*C. The Board's reasons for denying appellant entitlement to MGIB benefits, reasons that the Secretary echoes, are wrong.*

Returning to the appeal here, the Board advanced two reasons for denying appellant benefits under the MGIB, and the Secretary defends the Board on both fronts. First, the Board found that appellant's active duty service spanned a single, continuous period.[82] As the Secretary explains, such a single continuous period of service distinguishes this case from the Supreme

---

[74] *Id.* at 308.

[75] *Id.* at 308-09.

[76] *Id.* at 312-13.

[77] *Id.* at 313.

[78] *Id.*

[79] *Id.*

[80] *Id.* at 301.

[81] *Id.*

[82] R. at 7.

11

Court's decision in *Rudisill*.[83] Second, the Board considered that single period-of-service designation and determined that section 3322(h)(1) applied as a bar to eligibility for more than one educational benefit under title 38 because appellant's service occurred entirely after subsection (h)'s effective date, August 1, 2011.[84] The Secretary too relies heavily on the date on which subsection (h) became effective as a reason to affirm the decision on appeal.[85] We will discuss each issue in turn, beginning with the argument concerning the impact of *Rudisill* and then turning to the issue about the effective date of subsection (h).

Before addressing the arguments, we pause to recite certain familiar legal principles that guide our work. At base, this appeal concerns statutory interpretation. "Courts interpret statutes, no matter the context, based on the traditional tools of statutory construction."[86] "Courts must [also] exercise their independent judgment in deciding whether an agency has acted within its statutory authority."[87] "[I]nterpretation of a statute . . . is a question of law,"[88] and "[t]he Court reviews statutory construction questions de novo."[89] It is well-settled that when interpreting a statute, "[w]e look to the plain meaning of the statute, and when we find the plain meaning, our job is simply to apply it."[90] In doing so, "'we look first to [the statutory] language, giving the words used their ordinary meaning.'"[91] But we don't put blinders on because, "[c]ontext always matters."[92] In sum, if the statutory language is unambiguous and "the statutory scheme is coherent and consistent," then our statutory inquiry ends.[93]

---

[83] *See* Secretary's Br. at 10-13.

[84] R. at 7-8.

[85] *See* Secretary's Br. at 4-8.

[86] *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 374 (2024).

[87] *Id.* at 412.

[88] *Lane v. Principi*, 339 F.3d 1331, 1339 (Fed. Cir. 2003); *see Saunders v. Wilkie*, 886 F.3d 1356, 1360 (Fed. Cir. 2018).

[89] *Martinez v. Wilkie*, 31 Vet.App. 170, 175 (2019) (citing 38 U.S.C. § 7261(a)(1)).

[90] *Frantzis v. McDonough*, 35 Vet.App. 354, 360-61 (2022), *aff'd*, 104 F.4th 262 (Fed. Cir. 2024); *see Kisor v. Wilkie*, 588 U.S. 558, 574-75 (2019); *Artis v. District of Columbia*, 583 U.S. 71, 83 (2018); *Frederick v. Shinseki*, 684 F.3d 1263, 1269 (Fed. Cir. 2012).

[91] *Casey v. Wilkie,* 31 Vet.App. 260, 265 (2019).

[92] *Van Dermark v. McDonough*, 57 F.4th 1374, 1381 (Fed. Cir. 2023); *see Casey*, 31 Vet.App. at 265.

[93] *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).

Because it is at the heart of much of the Board's reasoning and the Secretary's position on appeal, we set out section 3322(h)(1) right up front:

(h) Bar to duplication of eligibility based on a single event or period of service.

> (1) Active-duty service. An individual with qualifying service in the Armed Forces that establishes eligibility on the part of such individual for educational assistance under this chapter, chapter 30 or 32 of this title, and chapter 1606 or 1607 of title 10, shall elect (in such form and manner as the Secretary may prescribe) under which authority such service is to be credited.[94]

### 1. *Rudisill* and Appellant's Nonoverlapping Qualifying Service

As we explained above, in *Rudisill*, the Supreme Court held that a veteran with separate periods of qualifying service establishing eligibility for benefits under both the MGIB and Post-9/11 programs can receive up to 36 months of education benefits under each program, in any order, subject to section 3695's 48-month aggregate cap on such educational benefits.[95] The Supreme Court's reasoning in *Rudisill* is highly significant for our resolution of the appeal before us.

First, the Supreme Court highlighted that its analysis did *not* focus on the petitioner's periods of service.[96] Instead, the Court emphasized that the petitioner's "length of service"[97] or "lengthy service"[98] was the key for the Court's conclusion that Mr. Rudisill was separately entitled to both MGIB and Post-9/11 benefits.[99] In the *Rudisill* majority's words:

> Rudisill earned two separate benefits entitlements, one per the Montgomery GI Bill and the other per the Post-9/11 GI Bill, by serving in the military for nearly eight years over three separate periods. Notably, our analysis does not focus on his periods of service. Contra, [Justice Thomas' dissent]. Rather, what matters is that his lengthy service conferred two separate entitlements. [100]

---

[94] 38 U.S.C. § 3322(h)(1).

[95] *Rudisill*, 601 U.S. at 294-95.

[96] *Id*. at 295 (stating "[f]ocusing on these two separate benefits entitlements—rather than on his periods of service—leads to two relevant observations about [38 U.S.C. § 3327]"), 306 ("Notably, our analysis does not focus on his periods of service.").

[97] *Id*. at 305 ("It is undisputed that Rudisill earned two separate entitlements to educational benefits due to the length of his military service.").

[98] *Id*. at 306.

[99] *Id*. at 302 ("If servicemembers serve for long enough, they may be entitled to both [MGIB and Post-9/11 GI Bill benefits].").

[100] *Id*. at 306 (internal citation omitted).

13

In other words, the majority in *Rudisill* not only told us what the basis for its decision *was*—length of service—but it also affirmatively disclaimed the basis of the dissent in that case—distinct periods of service. [101] And because of the length of Mr. Rudisill's service, he was eligible for benefits under both the MGIB and Post-9/11 programs.

Second, the Supreme Court recognized that section 3322, a provision entitled "[b]ar to duplication of educational assistance benefits," described certain situations in which an individual entitled to both benefits would need to coordinate the receipt of benefits or make elections about under which program the veteran wished to receive benefits.[102] The Supreme Court considered much of section 3322 to be irrelevant with respect to Mr. Rudisill's situation. Tellingly, the majority stated that "[t]here is no duplication for someone in Mr. Rudisill's position. He earned each benefit separately, and he is asking to receive each benefit separately." [103] Other than substituting "Rudisill" for "Perkins" and changing "he" to "she," the Supreme Court could have been describing the case before us. Ms. Perkins, just like Mr. Rudisill, through her lengthy active-duty service, earned entitlement to benefits under both the MGIB and Post-9/11 programs. All she seeks is to use the two benefits she earned—just like Mr. Rudisill. And yet the Secretary again seeks to thwart the efforts of a veteran with lengthy service to receive all the benefits to which she is due.

The Supreme Court briefly mentioned section 3322(h), the provision on which the Secretary puts such great emphasis and that we will elaborate on below. It stated that subpart (h)(1) "ensures that an individual may not receive double credit for a single period of service" but that the individual must elect under which authority his or her service is to be credited. [104] But the Court always returned to the importance of the length of service. Indeed, in the paragraph following its discussion of section 3322, the Court stated that if a servicemember serves long enough, that individual may be entitled to multiple educational benefits.[105]

---

[101] *Id*.

[102] *Id*.

[103] *Id*. at 309.

[104] *Id*. at 301.

[105] *Id*. at 302.

Simply put, if an individual served long enough, that individual may be entitled to both MGIB and Post-9/11 benefits, [106] as long as receiving these benefits is not concurrent. [107] Appellant's 6 years of service qualifies her for both MGIB and Post-9/11 benefits, just as it did for Mr. Rudisill. Stated differently, the sequel to *Rudisill* turns out the same as the original.

We will turn to the specific argument the Secretary asserts concerning section 3322(h) in a moment. But there is something else about section 3322(h) that is instructive in this appeal. In 2011, Congress added subsection (h) through the Post-9/11 Veterans Educational Assistance Improvements Act of 2010.[108] The following passage from a Senate committee report sets out an example of the concern that motivated Congress to add subsection (h):

> [A]n individual, who entered into service on September 1, 2002, and who completed three years of service, could have established eligibility for 36 months of educational assistance under the MGIB in addition to eligibility for 36 months of educational assistance under the Post-9/11 GI Bill. Subject to the 48-month limitation on aggregate months of assistance under two or more programs provided for in section 3695 of title 38, this means that an individual, who exhausts entitlement to 36 months of training under the MGIB, can subsequently enroll and receive an additional 12 months of entitlement under the Post-9/11 GI Bill based on the same period of service. [109]

The individual in the Senate committee's hypothetical is double-dipping by using the same 3 years of service to establish eligibility for benefits under both the MGIB and the Post-9/11 programs. Given the example that Congress provided and its awareness that a 3-year period of service would satisfy the minimum service requirements for MGIB benefits (i.e., because a 2-year period of continuous service under 38 U.S.C. § 3011(a)(1)(A)(i) is satisfied), and to Post-9/11 GI Bill benefits (i.e., because a 3-year period constitutes a total of 36 months under 38 U.S.C. § 3311(b)(1)(a)), it is clear that Congress intended subsection (h) to prevent entitlement to multiple educational benefits under title 38 from *overlapping* active-duty service. In other words, Congress did not want a servicemember to be able to use the same time in service twice—once to qualify

---

[106] *Id.*

[107] 38 U.S.C. § 3681(b)(1).

[108] Pub. L. No. 111-377, § 111(e), 124 Stat. 4106, 4120-21 (Jan. 4, 2011) (stating the effective date for that amendment as Aug. 1, 2011).

[109] S. REP. NO. 111-346, at 19 (Sept. 29, 2010).

15

for benefits under the MGIB and again to qualify for benefits under the Post-9/11 program. That is why subsection (h) requires individuals to choose only one education benefit if they have overlapping dates of service applicable to more than one education benefit. But just as in *Rudisill*, the Supreme Court rejected the application of various coordination and election provisions because Mr. Rudisill did not have overlapping service—the same is true for Ms. Perkins.

In sum, it is difficult to see how the decision in *Rudisill* doesn't effectively answer the question before us. Mr. Rudisill had lengthy service in the military, so lengthy that he established eligibility for benefits under both the MGIB and Post-9/11 programs without using any of his service time twice. Plus, we know that the rationale for the Supreme Court's decision did not rest on anything about Mr. Rudisill's "periods of service." Moreover, Mr. Rudisill's situation did not raise the concern of double-dipping that was the motivation for subsection (h). Everything we have just noted about Mr. Rudisill is equally applicable to Ms. Perkins. Unless the Secretary is correct about his argument about the effective date of subsection (h), a matter we turn to next, there simply is no principled way to distinguish *Rudisill* from the case before us.

### 2. The Effective Date of Section 3322(h)

This brings us to section 3322(h). The Board, in part, denied appellant entitlement to MGIB benefits by applying section 3322(h).[110] Specifically, the Board concluded that subsection (h) applied because appellant's active service began after August 1, 2011.[111] Both in his brief and at oral argument, the Secretary also maintains that the effective date of subsection (h) is the reason the provision applies to appellant.[112] In other words, the Secretary maintains that the effective date of subsection (h) somehow provides the foundation for concluding that *Rudisill* does not practically decide this appeal.

How is it that the effective date of subsection (h) could distinguish this case from *Rudisill*? After all, both Mr. Rudisill and Ms. Perkins filed their claims for educational benefits after the August 1, 2011, effective date for subsection (h).[113] The most natural reading of an effective date would be that a given provision applies to those who file after the effective date of that provision.

---

[110] R. at 7-8.

[111] *Id.*

[112] Secretary's Br. at 12-14; OA at 47:43-48:00.

[113] *Rudisill*, 601 U.S. at 304; R. at 65-70.

16

The Secretary advances an entirely different notion of what the August 1, 2011, effective date for subsection (h) means. He maintains that the effective date goes to when the qualifying service takes place. Put differently, according to the Secretary, section 3322(h)(1) bars individuals with a single, obligated period of service that began on or after August 1, 2011, from obtaining more than one educational benefit even if such an individual would otherwise come within the scope of the Supreme Court's *Rudisill* decision.[114] We categorically reject the Secretary's position.

First, and most significantly, the Secretary's position is entirely divorced from the statutory text. There is absolutely nothing in subsection (h) (or anywhere else for that matter) to indicate that the August 1, 2011, effective date has anything to do with when a veteran served in the Armed Forces. It is not appropriate for a court to add language to a statute.[115] Our job is to enforce a statute according to the plain language Congress used.[116] Here, it is clear beyond doubt that Congress says absolutely nothing in subsection (h) about when a veteran's service took place. So, it would be inappropriate for us to add this qualification. Therefore, as we have discussed above, there is nothing in subsection (h) that distinguishes Ms. Perkins' appeal from that of Mr. Rudisill's.[117]

We could stop here, because the plain text of subsection (h) is fatal to the Secretary's argument in defense of the Board's reliance on section 3322(h). But there is more to support our conclusion. For example, as we noted above, the Supreme Court mentioned subsection (h) in *Rudisill*.[118] If the Secretary (and the Board) were correct about subsection (h) going to the date of a veteran's service, there would have been no need for the Supreme Court to say anything about that statutory provision; it would not have applied to Mr. Rudisill. Of course, we are not suggesting that this point is dispositive in any sense. But it is instructive.

What's more, the legislative history of subsection (h) is entirely at odds with the Secretary's position that the effective date for subsection (h) refers to when qualifying service took place. We set out a part of a Senate committee report concerning subsection (h) earlier to support the notion

---

[114] Secretary's Br. at 3, 12-13; OA at 32:22-34:05 (citing Sen. Rep. 111-346, at 19).

[115] *Bates v. U.S.*, 522 U.S. 23, 24 (1997); *see Energy East Corp. v. U.S.*, 645 F.3d 1358, 1362 (2011) ("This court cannot simply add phrases or words that do not appear in the statute.").

[116] *Lacey v. Wilkie*, 32 Vet.App. 71, 75 (citing *King v. Burwell*, 576 U.S. 473, 486 (2015)).

[117] Because, as we've described here and earlier, we conclude that subsection (h) is not applicable to Ms. Perkins' situation, we have no call to discuss the Secretary's arguments concerning the meaning of "period of service" or the parties' dispute about the placement of that phrase only in the heading of subsection (h). We express no views on either of these matters.

[118] *See Rudisill*, 601 U.S. at 301, 311; *see also id.* at 326 (Thomas, J., dissenting).

that Congress was concerned with double-dipping.[119] But that passage of legislative history also undermines the Secretary's argument about the importance of the August 1, 2011, effective date for subsection (h). The example the Senate committee report used concerns an individual who entered service in September 2002 and completed 3 years of service from that date (i.e., September 2002 to September 2005).[120] If the Secretary were correct about his view of the import of the effective date of subsection (h), the Senate committee report uses an example for which subsection (h) would not apply. That seems rather remarkable or, perhaps better said, farfetched. Why would a congressional committee use as an example a situation in which the statute did not apply? Perhaps it was just a mistake. But we think that a far better conclusion is that the Secretary is simply wrong about the meaning he assigns to the effective date of subsection (h).

Finally, the Secretary's interpretation of the statute that it would apply only to active service that began on or after August 1, 2011, but not before that date, leads to some rather odd results. For example, if the Secretary is right, Congress intended to treat veterans with identical lengthy service differently simply because of the vagaries of when that service took place. It's difficult to comprehend why Congress would have done so. In other words, under the Secretary's interpretation, entering service on or after August 1, 2011, and serving a lengthy period of active-duty service, even one longer than appellant's, would render that veteran ineligible for more than one educational benefit under title 38 even though someone with shorter service before August 1, 2011, would be entitled to more benefits. As we say, it's difficult to see why Congress would make that choice. Moreover, the Secretary's reading of the statute would lead to absurd results by *disincentivizing* individuals who entered service after July 31, 2011, to commit to lengthy service, or at least to lengthy service not separated by breaks. It seems bizarre that Congress would proceed in that way. Absurd results are something that courts should avoid when interpreting statutes.[121] To be clear, we are not suggesting that these observations about consequences could supplant clear statutory text. Rather, these points merely underscore why the Secretary's position, defending what the Board did, lacks merit.[122]

---

[119] *See supra* at 15.

[120] S. REP. No. 111-346, at 19.

[121] *Atencio v. O'Rourke*, 30 Vet.App. 74, 83 (2018) (citing *U.S. v. Wilson*, 503 U.S. 329, 334 (1992) ("[A]bsurd results are to be avoided.")); *Timex V.I., Inc. v. U.S.*, 157 F.3d 879, 886 (Fed. Cir. 1998).

[122] On May 6, 2025, appellant's counsel filed supplemental authority with the Court pursuant to this Court's Rule 30(b),

\*\*\*\*\*\*

In sum, *Rudisill* essentially decides this case for us. Appellant's lengthy active-duty service qualified her for benefits under both the MGIB and Post-9/11 programs without her having to use any of her time in service more than once to establish eligibility. So, just like Mr. Rudisill, Ms. Perkins is entitled to use both benefits up to the 48-month statutory maximum under section 3695. And there is nothing about the effective date of section 3322(h) that alters that conclusion.

### D. Remedy

Finally, we reach the question of remedy. "[W]here the Board has incorrectly applied the law, . . . remand is the appropriate remedy."[123] However, reversal is appropriate when there is legal error, no additional factfinding is required,[124] and there is no basis in the record for a contrary conclusion.[125] Reversal is the appropriate remedy here because the Board performed all the factfinding necessary to resolve appellant's appeal. And so we will reverse the Board's decision and remand this matter for VA to assign appellant the appropriate educational benefits under the MGIB and Post-9/11 GI Bill based on the correct interpretation of the governing law we have described.

### IV. CONCLUSION

After consideration of the parties' briefs, oral arguments, the record, and the governing law, the Court REVERSES the August 6, 2024, Board decision. We REMAND this matter for VA to assign appellant the appropriate educational benefits under the MGIB and Post-9/11 GI Bill based on the correct interpretation of the governing law we have described.

---

citing excerpts of proposed briefs in *Yoon v. Collins*, U.S. Vet.App. No. 25-255 and noting that the Secretary adheres to a contrary position in *Yoon* from that in *Perkins* concerning his application of section 3322(h). Appellant's counsel explained that the Secretary asserts that section 3322(h) would bar the two petitioners in *Yoon* from obtaining entitlement to educational benefits under both the MGIB and Post-9/11 programs, despite their lengthy single period of service beginning in 1998 and 1987 and each spanning over 20 years. Appellant's May 6, 2025, Notice at 2; Exhibit B. The Secretary's application of section 3322(h) in *Yoon* is inconsistent with his assertion during oral argument. *See supra* note 33 (OA at 26:35-27:06, 44:58-46:10). We note the inconsistencies in the Secretary's interpretation of subsection (h) and, as explained above, we reiterate that Congress says nothing about when a veteran's service took place with respect to subsection (h).

[123] *Tucker v. West*, 11 Vet.App. 369, 374 (1998).

[124] *Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013).

[125] *Gutierrez v. Principi*, 19 Vet. App. 1, 10 (2004) ("reversal is the appropriate remedy when the only permissible view of the evidence is contrary to the Board's decision").